# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------------X

CANDIDA DORNS, and JANEANE DORNS,

                            Plaintiffs,

                    -against-

SHARKNINJA, INC., and J.S. GLOBAL LIFESTYLE CO.,
LTD.,

                            Defendants.

--------------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiffs designate Kings County as the place of trial.

The basis of venue is: Location of incident

**To the above-named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint, without further notice to you.

Dated: New York, New York
       February 2, 2024

                                          Caitlin Robin, Esq.
                                          Caitlin Robin & Associates, PLLC
                                          *Attorneys for Plaintiffs*
                                          CANDIDA DORNS
                                          and JANEANE DORNS
                                          30 Broad St., Suite 702
                                          New York, New York 10004
                                          (646) 524-6026

TO:    SHARKNINJA, INC.; 89 A Street, #100, Needham, MA 02494

       J.S. GLOBAL LIFESTYLE CO., LTD.; 21/F, 238 Des Voeux Road Central, Sheung Wan, Hong Kong

Case 1:24-cv-03673-RER-CLP    Document 1-1    Filed 05/21/24    Page 3 of 14 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------------------X

CANDIDA DORNS, and JANEANE DORNS,

                Plaintiff,

        -against-

SHARKNINJA, INC., and J.S. GLOBAL LIFESTYLE CO., LTD.,

                Defendants.

-------------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Plaintiffs designate Kings County as Place of Trial

The basis of venue is: Location of incident

Plaintiffs, CANDIDA DORNS and JANEANE DORNS, complaining of the Defendants, SHARKNINJA, INC., and J.S. GLOBAL LIFESTYLE CO., LTD., by their attorneys, **CAITLIN ROBIN & ASSOCIATES, PLLC**, respectfully allege as follows:

## PARTIES

1. Plaintiff, CANDIDA DORNS, is and was at all relevant times a New York State resident residing at 1701 East 3rd Street, Apartment 4L, in Brooklyn, County of Kings, State of New York 11223.

2. Plaintiff, JANEANE DORNS, is and was at all relevant times a New York State resident residing at 1701 East 3rd Street, Apartment 4L, in Brooklyn, County of Kings, State of New York 11223.

3. Defendant, SHARKNINJA, INC., is a corporate entity, headquartered at 89 A Street, #100, in Needham, Massachusetts 02494.

4. Defendant, J.S. GLOBAL LIFESTYLE CO., LTD., is a Limited Liability Company formed in Hong Kong and headquartered at 21/F, 238 Des Voeux Road Central in Sheung Wan, Hong Kong.

5.      Defendant J.S. GLOBAL LIFESTYLE CO., LTD., is the parent company of Defendant SHARKNINJA, INC.

6.      Upon information and belief, Defendants SHARKNINJA, INC. and J.S. GLOBAL LIFESTYLE CO., LTD., regularly did and do business, and receive substantial revenue from goods used or consumed, and services rendered in the State of New York.

## JURISDICTION AND VENUE

7.      The Defendants are subject to jurisdiction in New York pursuant to C.P.L.R. §§ 301 and 302 in that they are domiciled and/or are doing business or sell goods and/or registered to do business or sell goods in the State of New York.

8.      Venue is proper before this Court pursuant to CPLR § 503 in that at least one party resides in this county and a substantial part of the events or omissions giving rise to the claim occurred in this county.

## FACTS AS TO ALL CLAIMS

9.      Defendants, SHARKNINJA, INC. and J.S. GLOBAL LIFESTYLE CO., LTD., are engaged in the design, manufacturing, marketing, sale, distribution, and warrantying worldwide of a robotic vacuum product.

10.     One of the robotic vacuums designed, manufactured, distributed, sold, and warranted by SHARKNINJA, INC. and J.S. GLOBAL LIFESTYLE CO., LTD. is a self-emptying robotic vacuum with a charging base, marketed under the name "Shark Matrix".

11.     Plaintiffs CANDIDA DORNS and JANEANE DORNS received a Shark Matrix vacuum as a gift just before on or about November 9, 2023.

12.     Upon information and belief, Plaintiffs had never used said Shark Matrix vacuum, and it was sitting brand new inside its packaging as they were preparing to move to a different location soon.

13. On November 9, 2023, at approximately 12:40 a.m., Plaintiffs were asleep in their apartment, located at 1701 East 3rd Street, Apt. 4L, in Brooklyn, County of Kings, State of New York, when they heard a loud noise and exited their bedroom to discover a fire in their living room area. Plaintiff JANEANE DORNS received burns on her feet as the plaintiffs were trying to rush themselves to safety. Thereafter, an FDNY officer determined that the fire was caused by a malfunction with the Shark Matrix vacuum as it sat inside its box, sparking the area around it and causing significant property damage to their clothing, coats, electronics, fixtures, and furniture. The FDNY officer on the scene stated to Plaintiffs that they "had seen this happen before" with other Shark Matrix vacuum cleaners.

14. In addition to the physical injuries sustained by Plaintiffs, they have suffered emotional harm and psychological trauma, and will continue to incur expenses associated with their injuries.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR NEGLIGENCE

15. The Plaintiffs repeat, reiterate, and re-allege the allegations contained in all of the paragraphs herein, as if separately set forth herein.

16. At all times relevant to this action, Defendants had a duty to exercise reasonable care and to comply with existing standards of care in preparation, design, development, formulation, manufacture, testing, packaging, promotion, labeling, advertising, marketing, instruction of use, warning about distribution, supply and/or sale of the Shark Matrix vacuum, which Defendants introduced into the stream of commerce to be used as a household item for personal use.

17. Defendants had a duty to ensure that those using the product, including Plaintiffs, would not suffer from unreasonable, dangerous, and/or adverse events while using the machine in its normal, intended, and/or foreseeable manner(s).

Case 1:24-cv-03673-RER-CLP Document 1-1 Filed 05/21/24 Page 6 of 14 PageID #: 11

18.     Defendants had a duty to ensure that those using the product, including Plaintiffs, would not significantly increase their risk of bodily harm and adverse events.

19.     Defendants breached these duties to Plaintiffs.

20.     Defendants knew or reasonably should have known that the Shark Matrix vacuum was unreasonably dangerous and defective when used for its intended and foreseeable use and purpose, in that the warnings and labels on the Shark Matrix and user manual(s), if any at all, are insufficient to alert the user of the dangers of using and/or owning the Shark Matrix, including but not limited to the product sitting unused in its packaging.

21.     Defendants knew or reasonably should have known that the Shark Matrix vacuum was unreasonably dangerous and defective when used for its intended purpose in normal, reasonable, and/or foreseeable ways.

22.     Defendants knew or reasonably should have known that Plaintiffs would foreseeably sustain an injury as a result of Defendants' failure to exercise reasonable care.

23.     Defendants further failed to make the Shark Matrix vacuum safe for use even after becoming aware of its defects and failed to warn consumers of the dangers which Defendants knew or should have known existed to anyone who may use the Shark Matrix vacuum.

24.     As a direct and proximate cause of Defendants' negligence, Plaintiffs suffered, and will continue to suffer, harm, including but not limited to burns, medical expenses, physical scarring, property damage, smoke inhalation, continued difficulty breathing, loss of earnings and/or missed time from work, severe emotional distress and anxiety, and other economic and non-economic damages in an amount to be proven at trial.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

Case 1:24-cv-03673-RER-CLP   Document 1-1   Filed 05/21/24   Page 7 of 14 PageID #: 12

25. The Plaintiffs repeat, reiterate, and re-allege the allegations contained in all of the paragraphs herein, as if separately set forth herein.

26. The implied warranty of merchantability included with the sale of each Shark Matrix vacuum warranted that it would be merchantable, fit for their ordinary purposes for which robotic vacuums are used, pass without objection in the trade, be of fair and average quality, and conform promises and affirmations of fact made by Shark Matrix vacuum and SharkNinja, Inc.

27. Defendants breached the implied warranty of merchantability because the Shark Matrix vacuum was defective as alleged herein, would not pass without objection, was not fit for normal use, and failed to conform to the standard of like products in the trade.

28. The Shark Matrix vacuum would not pass without objection in marketing, warranties, and other Shark Matrix statements regarding the product's features, quality, safety, and use because the Shark Matrix vacuum is inherently defective in that it can overheat and/or short and/or spark even while never before used and without warning, making it unfit for the ordinary purpose for which the Shark Matrix vacuum is normally used.

29. The Shark Matrix vacuum is not adequately labeled because its labeling fails to disclose that the Shark Matrix vacuum can spark and cause a fire even while not in use and did not advise Plaintiffs of the existence of the defect.

30. The Shark Matrix vacuum, when sold and at all times thereafter, was not in merchantable condition and is not fit for the ordinary purpose for which it is used.

31. The element of privity, if applicable, is met because the warranties and manuals provided with the Shark Matrix vacuum are intended for the user. Further, Defendants advertised the Shark Matrix vacuum through television, internet, magazine advertisements, and the like. Defendants entered into contracts with Plaintiffs through warranties, therefore Plaintiffs are a third-party beneficiary of the warranty that ran from Defendants to their other sellers. Further,

Defendants designed and manufactured the Shark Matrix vacuum, intending Plaintiffs to be the actual user, not retailers or other third-party sellers.

32.   Defendants knew or, in the exercise of reasonable care, should have known that the Shark Matrix vacuum was defective prior to sale.

33.   As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have suffered and will continue to suffer harm, as previously described herein.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS FOR NEGLIGENT FAILURE TO WARN

34.   The Plaintiffs repeat, reiterate, and re-allege the allegations contained in all of the paragraphs herein, as if separately set forth herein.

35.   At all relevant times, Defendants were in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell the Shark Matrix vacuum as intended to be a household product.

36.   Defendants placed the Shark Matrix vacuum into the stream of commerce.

37.   Defendants knew or reasonably should have known that the Shark Matrix vacuum was dangerous or was likely to be dangerous when used or misused in a reasonable and foreseeable manner.

38.   Defendants knew that use of the Shark Matrix vacuum created an increased risk of serious bodily harm to reasonably foreseeable consumers, including Plaintiffs.

39.   Defendants knew or reasonably should have known that Plaintiffs would not know of the danger posed by using the Shark Matrix vacuum until harm was already done.

40.   Defendants failed to provide adequate safe-use instructions and/or adequate warnings to consumers despite Defendants' knowledge of the risks.

Case 1:24-cv-03673-RER-CLP    Document 1-1    Filed 05/21/24    Page 9 of 14 PageID #: 14

41.     Defendants knew about but failed to inform their consumers of the risks of using the Shark Matrix vacuum, thereby preventing consumers, including Plaintiffs, from eliminating or reducing the risks.

42.     Plaintiffs suffered and will continue to suffer injuries as previously described herein.

43.     Defendants' failure to warn and/or instruct on safe use was a substantial factor in causing injury to Plaintiffs.

44.     A reasonable manufacturer, distributor, and/or seller under the same or similar circumstances would have warned consumers of the danger and/or instructed on the safe use of the Shark Matrix vacuum as previously described herein.

45.     As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have suffered and will continue to suffer harm, as previously described herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS FOR STRICT PRODUCT LIABILITY - MANUFACTURING DEFECT

46.     The Plaintiffs repeat, reiterate, and re-allege the allegations contained in all of the paragraphs herein, as if separately set forth herein.

47.     Defendants were and are in the business of and did design, develop, formulate, manufacture, test, package, promote, label, advertise, market, instruct on, warn about, distribute, supply and/or sell the Shark Matrix vacuum, which is intended for household use.

48.     Defendants placed the Shark Matrix vacuum into the stream of commerce.

49.     The Shark Matrix vacuum was defectively manufactured in that the Shark Matrix vacuum overheated and/or shorted and/or sparked while sitting unused in its packaging, causing a fire in Plaintiff's home and causing harm to Plaintiffs.

50.     As a direct and proximate result of Defendants' conduct as described herein, Plaintiffs have suffered and will continue to suffer harm, as previously described herein.

Case 1:24-cv-03673-RER-CLP Document 1-1 Filed 05/21/24 Page 10 of 14 PageID #: 15

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS FOR DESIGN DEFECT

51.     The Plaintiffs repeat, reiterate, and re-allege the allegations contained in all of the paragraphs herein, as if separately set forth herein.

52.     At all relevant times, Defendants designed, developed, formulated, manufactured, tested, packaged, promoted, labeled, advertised, marketed, instructed on, warned, distributed, supplied and/or sold Shark Matrix vacuums as intended for household use.

53.     Defendants placed Shark Matrix vacuums into the stream of commerce.

54.     The Shark Matrix vacuum was defectively designed in that it overheats and/or shorts and/or sparks causing fire and harm to users or others in the vicinity.

55.     As a direct and proximate cause of this design, Plaintiffs suffered injury.

**WHEREFORE**, Plaintiffs CANDIDA DORNS and JANEANE DORNS demand judgment against the Defendants SHARKNINJA, INC., and J.S. GLOBAL LIFESTYLE CO., LTD., in a sum that exceeds the jurisdictional limits of all lower Courts as well as punitive damages and attorney's fees together with the costs and disbursements of this action.

Dated: New York, New York
       February 2, 2024

Yours, etc.

Caitlin Robin, Esq.
Caitlin Robin & Associates PLLC
*Attorneys for Plaintiffs*
CANDIDA DORNS and
JANEANE DORNS
30 Broad St. Suite 702
New York, New York 10004
(646) 524-6026
Our File No. P939

Case 1:24-cv-03673-RER-CLP    Document 1-1    Filed 05/21/24    Page 11 of 14 PageID #: 16

## ATTORNEY'S VERIFICATION BY AFFIRMATION

Caitlin Robin, Esq., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at **CAITLIN ROBIN & ASSOCIATES**, attorneys of record for Plaintiffs, **CANDIDA DORNS and JANEANE DORNS**. I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiffs is because Plaintiffs are not presently in the county wherein the attorneys for the Plaintiffs maintain their offices.

Dated: New York, New York
       February 2, 2024

_____
CAITLIN ROBIN, ESQ.

Case 1:24-cv-03673-RER-CLP     Document 1-1     Filed 05/21/24     Page 12 of 14 PageID
#: 17

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

_____

CANDIDA DORNS and JANEANE DORNS,

                Plaintiffs,

      -against-

SHARKNINJA, INC., and J.S. GLOBAL LIFESTYLE CO., LTD.,

              Defendants.

_____

## SUMMONS AND VERIFIED COMPLAINT

_____

**CAITLIN ROBIN & ASSOCIATES PLLC**
*Attorneys for Plaintiffs*
CANDIDA DORNS and JANEANE DORNS
30 Broad St. Suite 702
New York, New York 10004
(646) 524-6026

_____

STATE OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF COUNTY OF KINGS

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIDAVIT OF SERVICE** |
| CANDIDA DORNS, ETAL | Index No: |
| **Defendant / Respondent:** | 503778/2024 |
| SHARKNINJA, INC., ETAL | |

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 92 State Street 8th Floor, Boston, MA 02109 . That on Mon, Feb 12 2024 AT 11:55 AM AT 89 A STREET #100, NEEDHAM, MA 02494 deponent served the within SUMMONS AND VERIFIED COMPLAINT; ATTORNEY'S VERIFICATION; AND NOTICE OF ELECTRONIC FILING. on SHARKNINJA, INC.

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** SHARKNINJA, INC., a defendant, therein named, by delivering a true copy of each to Mike Masala personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be SECURITY thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at _____

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____ , and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____ .

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | |
|---|---|---|---|
| Age: 28 | Ethnicity: Caucasian | Gender: Male | Weight: 270 |
| Height: 5'10" | Hair: Black | Eyes: | Relationship: |
| Other | | | |

*Brad Mehring* 3-2-24

BRAD MEHRING

I affirm this 13 day of FEBRUARY, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Case 1:24-cv-03673-RER-CLP Document 1-1 Filed 05/21/24 Page 14 of 14 PageID #: 19

STATE OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK          COUNTY OF COUNTY OF KINGS

| | |
|---|---|
| **Plaintiff / Petitioner:** | **AFFIDAVIT OF SERVICE** |
| CANDIDA DORNS, ETAL. | **Index No:** |
| **Defendant / Respondent:** | 503778/2024 |
| SHARKNINJA, INC., ETAL | |

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 92 State Street 8th Floor, Boston, MA 02109 . That on Wed, Feb 14 2024 AT 02:23 PM AT 89 A STREET #100, NEEDHAM, MA 02494 deponent served the within SUMMONS AND VERIFIED COMPLAINT; ATTORNEY'S VERIFICATION; AND NOTICE OF ELECTRONIC FILING. on J.S. GLOBAL LIFESTYLE CO., LTD. C/O SHARKNINJA, INC.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** J.S. GLOBAL LIFESTYLE CO., LTD C/O SHARKNINJA, INC., a defendant, therein named, by delivering a true copy of each to Jarod Nixon, Security personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Registered Agent thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____ , and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

[X] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: 30 | Ethnicity: Caucasian | | | Gender: Male | | Weight: 200 | |
| Height: 5'10" | | Hair: Brown | | Eyes: | | Relationship: | |
| Other | | | | | | | |

_____
SHAWN FOGARTY

I affirm this 14 day of FEBRUARY, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

1 of 1